HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY WU,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary for the Department of Homeland Security, *et al.*,<br><br>Defendant. | CASE NO. 2:25-cv-01337-RAJ<br><br>ORDER |

## I. INTRODUCTION

THIS MATTER comes before the Court on Defendants Markwayne Mullin, Secretary for the Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("USCIS"), and USCIS Seattle Field Office Director Jonathan Weeks' Motion to Dismiss, Dkt. # 16.[1] The Court has reviewed the motion, the submissions in support of and in opposition to the motion, and the balance of the record. For the reasons set forth below, the Court **GRANTS** the Defendants' motion.

[1] The Complaint names Kristi Noem, former DHS Secretary, as a defendant. Markwayne Mullin, the current DHS Secretary, has been substituted under Fed. R. Civ. P. 25(d). The Clerk is directed to amend the caption to reflect this change.

## II. BACKGROUND

Plaintiff Timothy Wu is a citizen of Taiwan living in Federal Way, Washington. Dkt. # 4 ¶ 5. In June 2001, Mr. Wu's father, a citizen of the United States, filed a Form I-130, Petition for Alien Relative, seeking an approved visa on his behalf. *Id.* ¶ 12. However, the U.S. Department of State eventually terminated that petition in May 2009. *Id.* In November 2010, Mr. Wu's father filed another Form I-130 on his behalf, which the U.S. Department of State terminated in January 2021. *Id.*

In February 2024, Mr. Wu filed a Form I-485, Application to Register Permanent Residence or Adjust Status, seeking to adjust his immigration status to lawful permanent resident. *Id.* ¶ 11. He also filed a Form I-765, Application for Employment Authorization, to work while his Form I-485 was pending. *Id.* ¶ 4. On August 12, 2024, USCIS denied Mr. Wu's application to adjust status, as he did not have an approved visa petition. *Id.* ¶ 13. Mr. Wu filed an administrative appeal of the agency's decision. *Id.* ¶ 14. On December 9, 2024, USCIS denied that appeal and his application for employment authorization. *Id.* ¶¶ 4, 15.

Mr. Wu brings this action to challenge USCIS's denials of his applications for adjustment of status and work authorization. *Id.* ¶¶ 18–19. He contends that the agency's denials violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and his rights under the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 9, 18–19. Defendants move to dismiss this action for lack of subject matter jurisdiction. Dkt. # 16.

## III. LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(1), a motion to dismiss for lack of subject matter jurisdiction may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* The Court construes Defendants' motion to dismiss as raising a facial attack on jurisdiction. Thus, the Court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6):

Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

## IV. DISCUSSION

### A. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's APA Claims

Defendants argue that the Court lacks subject matter jurisdiction to hear Mr. Wu's APA claims challenging USCIS's denials of his adjustment-of-status and derivative work authorization applications because such review is specifically barred by the jurisdiction-stripping provisions of the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(2)(B). Dkt. # 16 at 6–11.

The Court agrees. Congress has limited the jurisdiction of federal courts to review certain determinations made by USCIS. Specifically, Section 1252(a)(2)(B) provides, in relevant part:

> Notwithstanding any other provision of law (statutory or nonstatutory), … and except as provided in subparagraph (D), and regardless of whether judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B).

In *Patel v. Garland*, the Supreme Court concluded § 1252(a)(2)(B)(i) "prohibits review of *any* judgment *regarding* the granting of relief under § 1255." 596 U.S. 328, 338 (2022) (emphasis in original). Section 1252(a)(2)(B)(i) thus precludes review of agency decisions that result in denial of relief under § 1255, regardless of whether they are discretionary or nondiscretionary, legal or factual. *Id.* (holding that § 1252(a)(2)(B)(i) "does not restrict itself to certain kinds of decisions").

Since *Patel*, the Ninth Circuit has further held that § 1252(a)(2)(B)(i) "strips district courts of jurisdiction to hear a plaintiff's APA claim when that claim challenges an agency's individualized denial of an application for adjustment of status." *Nakka v. USCIS*, 111 F.4th 995, 1015 (9th Cir. 2024). Every other federal court of appeals that has analyzed this issue has reached the same result. *See, e.g., Abuzeid v. Mayorkas*, 62 F.4th 578, 585 (D.C. Cir. 2023) (holding that "the plain and unequivocal language in § 1252(a)(2)(B)(i) is clear and convincing evidence of Congress's intent to strictly circumscribe the jurisdiction of federal courts over cases involving the adjustment of immigration status"); *Britkovyy v. Mayorkas*, 60 F.4th 1024, 1030 (7th Cir. 2023) (concluding that § 1252(a)(2)(B)(i)'s "plain language strips us of jurisdiction to review denials of relief by USCIS under § 1255").

Here, Mr. Wu applied to USCIS seeking adjustment of his immigration status under § 1255. Thus, judicial review of USCIS's denial of his application is precluded under both provisions of § 1252(a)(2)(B). First, because USCIS's denial is a "judgment regarding the granting of relief" under § 1255, judicial review of the agency's decision is specifically prohibited by § 1252(a)(2)(B)(i). *Patel*, 596 U.S. at 338–39. Second, even if § 1252(a)(2)(B)(i) did not expressly prohibit review here, USCIS's denial is, by statute, "a decision or action, … the authority for which is specified … to be in the discretion of … the Secretary of Homeland Security," for which judicial review is prohibited by § 1252(a)(2)(B)(ii). *See* 8 U.S.C. § 1255(a); *Hassan v. Chertoff*, 593 F.3d 785, 789 (9th

Cir. 2010) (holding denial of adjustment of status under § 1255 is a "discretionary determination … also expressly precluded by" § 1252(a)(2)(B)(ii)).

Neither of the arguments Mr. Wu makes in opposition to Defendants' motion warrants a different result. First, Mr. Wu contends that this Court can review USCIS's decision because he "challenges a distinct statutory violation by the Department of State: the termination of immigrant visa registration … without the notice required by law," and "USCIS's denial of adjustment was purely derivative of that termination." Dkt. # 18 at 3. As an initial matter, Mr. Wu never alleges this in the Complaint, and neither the State Department nor any of its officials are defendants in this action. But even if the State Department's termination was a precursor to USCIS's discretionary adjustment decision, the jurisdictional bar against reviewing the latter would still apply.

Second, Mr. Wu contends the Ninth Circuit's decision in *Nakka* preserves the Court's subject matter jurisdiction over his claim because this is a "collateral challenge to the Department of State's unlawful termination procedure and USCIS's policy of denying adjustment applications based on such unlawful terminations without independent review." Dkt. # 18 at 5. The Court is unpersuaded. While *Nakka* held § 1252(a)(2)(B)(i) does not preclude district court jurisdiction "over collateral policy and procedure claims," the Ninth Circuit specified this was only for such claims "not made in connection with a challenge to the denial of individual discretionary relief." *Garcia v. USCIS*, 146 F.4th 743, 749 (9th Cir. 2025) (summarizing the *Nakka* decision). Here, Mr. Wu is challenging USCIS's denials of his individual applications for adjustment of status and work authorization. Thus, his claim is not the type of "collateral policy and procedure claim" for which *Nakka* preserved district court jurisdiction.

As a result, the Court lacks subject matter jurisdiction to hear Mr. Wu's APA claims challenging USCIS's denials of his applications for adjustment of status and work authorization.

### B. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Due Process Claims

Mr. Wu also alleges that USCIS's denials violated his rights under the Due Process Clause of the Fifth Amendment. To the extent he raises a colorable constitutional claim,[2] Congress directed that judicial review of such constitutional claims must be "raised upon a petition for review [of an order of removal] filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D); *Patel*, 596 U.S. at 345 ("[S]ubparagraph (D) preserves review of legal and constitutional questions only when raised in a petition for review of a final order of removal."); *see also Herrera v. Garland*, No. 21-17052, 2022 WL 17101156, at *1 (9th Cir. Nov. 22, 2022) (district court lacked jurisdiction to hear plaintiff's due process claim under § 1252(a)(2)(D)). Therefore, the Court also lacks subject matter jurisdiction over his due process claims.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss, Dkt. # 16. This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Dated this 2nd day of September, 2026.

The Honorable Richard A. Jones
United States District Judge

---

[2] Plaintiff may also fail to state a constitutional claim under the Fifth Amendment, as "adjustment of status is a form of relief committed to the Secretary's discretion, and '[s]ince discretionary relief is a privilege created by Congress, denial of such relief cannot violate a substantive interest protected by the Due Process clause.'" *Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1091 (9th Cir. 2010) (quoting *Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir. 2003)).